# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JAIME ZAZUETA MIRANDA,<br><br>Movant. | No. 2:06-cr-0376 JAM AC 2<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner Jaime Zazueta Miranda is a federal prisoner proceeding in pro per with a motion attacking his conviction and sentence under 28 U.S.C. § 2255. ECF No. 120. Petitioner's motion presents four grounds for relief including three claims of ineffective assistance of counsel and one claim of sentencing error. Respondent has opposed the motion. ECF No. 130. For the reasons set forth below, the undersigned recommends that the motion be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged by indictment in Count One with conspiracy to possess with intent to distribute and distribute methamphetamine in violation of 21 U.S.C. § 846 and in Count Two with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On November 4, 2008 he signed a plea agreement admitting guilt on count one in exchange for the government's dismissal of count two and the government's recommendations that he receive a three-level reduction in offense level for acceptance of responsibility and be

1

sentenced to the lower end of the guideline recommendations. The plea agreement provided: "The parties agree to litigate whether the two points for the weapon found in the vehicle with the methamphetamine and in the house should be applied to this defendant." Petitioner agreed to waive his right to appeal the conviction on any aspect of the sentence imposed.

At the plea colloquy on November 4, 2008, the district court set forth the terms of the plea agreement and petitioner indicated that he understood and acceded to them.

At petitioner's sentencing on June 9, 2009, the district court found that petitioner possessed a firearm during commission of the underlying offense and applied a two-level increase to his base offense level pursuant to U.S.S.G. § 2D1(b)(1). Petitioner's offense level was 35, with a category I criminal history, resulting in a range of 168-210 months. The court accepted the government's recommendation to apply the low end of the guidelines and sentenced him to 168 months in custody. The district court entered the judgment and commitment on June 22, 2009.

Petitioner appealed. The Ninth Circuit dismissed the appeal finding that (1) petitioner had waived his right to appeal, and (2) his waiver was knowing and voluntary, as shown through the transcript and plea agreement. On March 21, 2011, the United States Supreme Court denied a petition for certiorari presented on petitioner's behalf.

Petitioner filed the pending motion on May 2, 2011. The United States asserts no procedural defenses and asserts that petitioner's claims should be denied on the merits.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." A section 2255 motion is the customary procedure for challenging the effectiveness of trial counsel under the Sixth Amendment. United States v. Houtchens, 926 F.2d 824, 828 (9th Cir. 1991).

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show both (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. Strickland v.

1 Washington, 466 U.S. 668, 692, 694 (1984). In evaluating counsel's performance, the court must apply a strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Prejudice means that the error actually had an adverse effect on the defense. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id. at 693–94. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

The Strickland standard extends generally to the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). In order to show prejudice in this case, petitioner must show "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id.

If the court finds that petitioner's allegations are sufficient to support both prongs of the Strickland test, "a district court must grant a hearing to determine the validity of a petition brought under section 2255, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). In other words, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). No hearing is necessary if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996), cert. denied, 520 U.S. 1269 (1997); see also Howard, 381 F.3d at 879 (bald, conclusory or inherently incredible allegations do not support a hearing).

////

3

## DISCUSSION

I. <u>Grounds One through Three: Ineffective Assistance of Counsel</u>

Petitioner alleges in ground one that his attorney did not discuss with him the possibility that his sentence would increase based on the firearm enhancement; in ground two that his attorney instructed him to sign the plea agreement even though petitioner doesn't speak, read, write or comprehend English; and in ground three that his attorney did not explain that the plea agreement contained a waiver of appeal. ECF No. 120 at 5. The crux of each of these grounds is the same: that counsel failed to adequately explain the two-level firearm enhancement and the fact that the district court's finding thereon would not be appealable as a result of the waiver in the plea agreement. However, the record squarely contradicts petitioner's allegations.

First, the plea agreement explicitly set forth both the firearm enhancement issue and the waiver of appeal and collateral attack:

> **5. Firearm:** The parties agree to litigate whether the two points for the weapon found in the vehicle with the methamphetamine and in the house should be applied to this defendant.

ECF No. 131-1 at 6.[1]

> **B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case. He specifically gives up his right to appeal any order of restitution the Court may impose.

<u>Id.</u> at 7.

The agreement contains approvals and signatures by defense counsel, petitioner and his interpreter:

> **A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Plea Agreement.
>
> DATED: 11/4/08 [by] [petitioner's attorney]

---

[1] The court references the page numbers assigned by the Court's CM-ECF system.

**B. Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 11/4/08 [by] [petitioner]

**C. Court Certified Interpreter/Translator:** I declare that I am a court certified Spanish-English interpreter/translator. On 11-3-08, I read the entire contends of the foregoing Plea Agreement to the defendant, translating the document from English to Spanish.

DATED: 11-04-08 [by] [Mari Fitzgibbon]

Id. at 10-11.

Second, the matter was discussed prior to petitioner's entry of plea on November 4, 2008. The record reflects that a Spanish interpreter, Maria Munoz, was present to translate on his behalf. Id. at 16. When asked by the court to describe for the record the terms of the plea agreement, the government attorney stated, in relevant part: "…finally, the issue of whether the two-level gun enhancement applies will be litigated by the parties at sentencing." Id. at 19. Later, the following exchange occurred:

> THE COURT: …Mr. Hedberg, have you had an opportunity to discuss the Sentencing Commission guidelines and the statutory sentencing factors with your client?
>
> MR. HEDBERG: Yes I have, your Honor.
>
> THE COURT: Okay. And do you believe he has a general understanding of how the advisory guidelines and statutory factors might apply to his case?
>
> MR. HEDBERG: Yes.
>
> THE COURT: Mr. Miranda, do you, in fact, have a general understanding of how those advisory guidelines and statutory sentencing factors might apply to your case?
>
> THE DEFENDANT: Yes.

Id. at 22.

Petitioner indicated he had discussed with his attorney the written plea agreement which

5

he had signed, and that he understood the terms of the agreement. Id. at 19−20. He answered in the affirmative when asked if he understood that he was giving up the right to collaterally attack or appeal all or any part of the plea and/or sentence. Id. at 23-24. Defense counsel separately agreed that the petitioner was providing a knowing and voluntary waiver of his rights to appeal or collaterally attack the plea or sentence. Id. at 24.

On direct appeal, the Ninth Circuit Court of Appeals conducted its own review of the record and found it demonstrated petitioner's waiver of appeal was made knowingly and voluntarily. Id. at 47-48.

Petitioner's allegations that his lawyer failed to inform him of the firearm enhancement, the possibility of sentence increase for the firearm enhancement, and the waiver of appeal are belied by the record. On this record, petitioner cannot show that counsel's representation at the plea stage fell below an objective standard of reasonableness. Accordingly, each ground alleging ineffective assistance fails and an evidentiary hearing is unwarranted. Strickland, 466 U.S. at 692.

II.     Ground Four: Sentencing Error

In his fourth ground, petitioner claims that his sentence should be set aside and the matter remanded. He supports his claim as follows:

> [Petitioner] denied knowledge of a gun he, told the arresting officers that he didn't know anything about a gun, then later on he made a statement to the probation officer that he thought the gun belonged to Jose Noriega Valencia and two (2) .22 caliber bullets that belonged to a .22 caliber gun were found on Jose Noriga Valencia then so did the gun.

ECF No. 120 at 6. However, the district court found to the contrary that petitioner's claim of no knowledge of the firearm was contradicted by previous statements he made during an interview. ECF No. 130-1 at 36. In particular, the court noted, petitioner stated during his debriefing that the firearm belonged to Noriega Valencia, which is inconsistent with his subsequent assertion that he had absolutely no knowledge of a firearm. Id.

In ground four, petitioner is essentially claiming that the district court reached the wrong result on the issue of the firearm enhancement. Petitioner did not present this claim on direct

appeal. See ECF No. 130-1 at 47-48. His failure to raise the issue on direct appeal bars the claim on collateral review. See United States v. Schlesinger, 49 F.3d 483, 484 (9th Cir. 1995); see also id. at 485 ("We therefore conclude that this court follows the rule that nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255."). Under some circumstances, there may be an exception for a "hidden error." Id. at 486. Here, however, as in Schlesinger, "there is absolutely no reason why [petitioner] should not have known of, and been able to appeal, the alleged 'errors' immediately." Id. at 486. Because petitioner failed to present this sentencing error claim of non-constitutional dimension on appeal, it is barred on collateral review.

CONCLUSION

For the reasons discussed, the petition, files and records of this case conclusively demonstrate that counsel did not render ineffective assistance by failing to adequately advise petitioner of the consequences of his plea agreement. Further, petitioner's claim of sentencing error may not be reviewed in this motion brought under 28 U.S.C. § 2255. Accordingly, no relief is available and IT IS RECOMMENDED that petitioner's motion under 28 U.S.C. § 2255 be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2013

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//mira0376.2255

7